Mathews, J.
delivered the opinion of the court.* The evidence in this case exhibits a dispute, between the parties litigant, about the limits of their adjoining tracts of land. The *396 plaintiff claims under a certificate of the land commissioners, by which 756 27/100 superficial arpents of land are confirmed to Eleanor Biggs, on settlement right, to have such front on the bayou Robert as, with the depth of 40 arpents, will give the above quantity superficial. The title of the defendant is founded also on certificates of the commissioners, granted to A. Martin in pursuance of two requettes, one in favour of Gurnet for ten arpents front with the ordinary depth of forty, the other in favour of Dawd for five arpents front with the same depth, making together six hundred superficial arpents, having a front of fifteen on the bayou Robert.
West'n District.
Sept. 1822.
In a decision of this court in the case of Cureton vs. Turnbull, referred to in argument and to be seen in 9 Martin, 37, the lower limit of the present defendant's land is fixed and located only in one point on the bayou Robert, leaving the course of the side line to be determined by that of Dawd's upper limit, being common to his tract and that of E. Biggs, under whom the plaintiff claims as above stated.
The judgment of the district court quiets the defendant in his claim and possession of fifteen arpents front, to begin at a gully marked *397 on the plat filed in this cause with the letter D, and to run to the point B on said plat, thence to run back forty arpents on parallel lines on the course N. 88° 30' E., but allowed to the plaintiff damages for the deviation of a certain portion of his land, &c. From this judgment the plaintiff appealed.
In deciding this case, it is necessary to consider the original right and pretension of title set up for the grantees, under whom the present parties claim. That of E. Biggs is wholly indefinite, being what may be termed a simple settlement right. Those of Dawd and Gurnet are supported by requettes, which specify a certain and definite quantity of land; and in this respect are of greater dignity than a bare possession, which, without any colour of title, can only give a pretence of right to the extent of land actually enclosed and occupied. It is true that the laws of the United States did accord to settlers, under certain circumstances, a right to obtain a title to six hundred and forty acres, or a section of land ; but a right thus granted can, on no principles of law or justice, be so construed as to interfere with the claims of other actual settlers, equally aided and protected by law, who exhibit *398 evidence of a right or claim to a certain and definite quantity of land, which ought to be satisfied before a claim under simple settlement can take any thing.
According to this view of the subject we are of opinion, that the defendant has shown a better title to hold fifteen arpents in front by the ordinary depth, than the plaintiff has to recover his full quantity of six hundred and forty acres. But Dawd's requette calls for the land since confirmed to E. Biggs, as a limit above, which clearly admits that she had land there, but at the distance of five arpents above Gurnet’s claim, for which it also calls below. Now, if there did exist any known and established limit between Dawd and Mrs. Biggs, this might, perhaps, control his claim to the definite quantity of five arpents in front; but there is no proof of any line having been run between their tracts of land, during the time which they occupied them. There is some vague and unsatisfactory evidence by witnesses, as to the point of limit on the bayou, which seems to have been disregarded by the court below, and from which we are unable to establish any point with sufficient certainty to diminish Dawd’s front of five arpents; and are *399 therefore of opinion, that the district court was correct in adjudging to the defendant the full front of fifteen arpents.
Thomas for the plaintiff, Wilson for the defendant.
The next question is, as to the course which the side lines ought to run : this has been settled by the district court, and it conforms to the course of the plaintiff's upper line, as given by the public surveyor in surveying his claim. In relation to him, we can perceive no good reason to alter the direction as settled by the judgment below ; and as the defendant did not appeal, and has not alleged errors in his answer on the appeal taken by the plaintiff,
It is ordered, adjudged and decreed, that the judgment of the district court be affirmed, and that the appellant pay the costs of this appeal.

 Porter, J. did not join in the opinion, having been of counsel in the cause.