DELACROIX *vs.* CENAS' HEIRS.

If a vendee fails to call his vendor in warranty, the latter is not liable for any costs or damages, which result from defending the action.

The vendor called in warranty, may defend the suit, or confess judgment, as he thinks proper.

But if the vendee supposes, he does so through collusion, he may defend the suit on his own responsibility.

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. The plaintiff purchased, at a sale made by the ancestor of the defendants, who was sheriff of the parish of Orleans, certain slaves, from which he was afterwards evicted, by a judgment of this court. The cause of this eviction was, the misrecital in the deed of sale, of the judgments under which the seizure and sale took place.

But the money which the plaintiff had paid, for the property so purchased by him, having been applied to a discharge of a debt due by its owner, the court decreed, that he should return to the plaintiff this money, with five per cent. interest from the institution of the suit; and that the plaintiff should pay the hire of the negroes, from the same time, being, in the eye of the law, a possessor in bad faith, from the period the defects of his title were made known to him.

The hire of the slaves, amounted to more than the interest which was allowed to the plaintiff; and this action is brought to recover the difference between them, together with the costs, which the plaintiff paid, in defending the suit brought against him by the original defendant, in execution. The amount is stated to be twelve hundred and eighty-three dollars 38-100.

The court of the first instance, refused to allow the claim, for the difference between the hire and the interest, but gave judgment against the defendant, for the costs expended by the plaintiff in defending his title. From this judgment the plaintiff has appealed, and the defendants have prayed, that it be so amended, that they may be discharged from all liability to the plaintiff.

Various questions have been raised by counsel and argued, but that which was principally relied on by the defendants, and most discussed, is in our judgment decisive of the case, and renders an examination of the others unnecessary.

It has been already noticed, that the injuries of which the plaintiff complains, arose subsequent to the commencement of the ac-

DELACROIX
*vs.*
CENAS' HEIRS.

tion, and were the payment by him of the hire of the negroes from the institution of the suit, and the costs incurred in defending it.

The defendants insist, they should not be made responsible for the damages proceeding from this cause, for if their ancestor had been cited in warranty, he could, and would, at once have surrendered the property, and thus have avoided the damages, which were a consequence of the obstinacy of the plaintiff, in defending the action.

To this the plaintiff replies, that the suit in re-vindication was pending a considerable time, before he was aware of the grounds, on which the defendants in execution asserted the nullity of the sale made to him. That a vendor has not the right, when called in warranty, to abandon his title to the property, and consent to judgment being rendered in favour of the petitioner; and finally, that by the provisions of the Civil Code, in force at the time the action was instituted, the only consequence of the plaintiff's failure to cite the defendants' ancestor in warranty, is the right reserved to them to show, that had he been called in, he could have successfully resisted the claim, of those who set up title to the property he sold.

The authority of *Pothier*, has been principally relied on by the defendants, and it goes the whole length, of sustaining the position for which they contend. He states expressly, that although the buyer may, at any time, exercise his action against his vendor, he is deeply interested in doing so as soon as he is sued, for in default of giving notice, he has no recourse, for the expenses incurred during the period which intervenes between citation and judgment. He is only responsible, for the costs of the original process. A contrary doctrine, the author states, would put it in the power of the vendor, to ruin the seller, by carrying on a suit, of which he had no knowledge. *Pothier, traité de vente, nos.* 109 *and* 128.

The grounds, on which the plaintiff contests the application of this authority to his case, are next to be noticed.

And first, as to his want of knowledge that his title would be assailed, for the defect on which it was ultimately decided to be bad, and that, consequently, he could not have given notice, we think there is no strength in it. Plaintiffs, in a petitory action, do not set out in their petition, the defects in their adver-

sary's pretensions. They state their own title. The obligation to call in warranty the vendor, does not depend on the grounds alleged for recovery by the party sueing, but on the fact of the property being claimed from the vendee.

The second ground appears to us equally untenable. When a buyer, who is troubled by an action in revindication, calls on his seller to come in and defend the title of the thing sold, the management of the defence is surrendered to the latter, and as he is the person on whom the loss must ultimately fall, he has a right to conduct it in the manner which he judges most conducive to his interests. If he has sold *bona fide*, and discovers his title to be a bad one, he certainly has the right to abandon a defence, which can only increase his responsibility, and mulct him in greater damages. The opposite rule, would require him to contest a demand, which he knew was well founded, and support pretensions, on his part, which he was convinced were illegal. In a word, it would require him to do an immoral and an unjust thing. We have looked a good deal into the books, to see if any thing could be found in them, which would

Eastern District.
*December*, 1829.

DELACROIX
*vs.*
CENAS' HEIRS.

thus limit the rights of a vendor called in warranty, and, far from finding any thing in them, to support the position taken at the bar, they expressly sanction the contrary doctrine. *Pothier, traite de vente, nos.* 123 *and* 129. *Merlin, Repertoire, vol.* 5. *garantie.*

If, indeed, the buyer has reason to believe, there is collusion between the party sueing and his vendor, he may contest the case on his own responsibility ; but unless the vendee chooses to do so on this condition, the seller may defend as he pleases, or refuse to defend, when he discovers it cannot be done with the prospect of success. *Pothier, traité de vente, nos.* 113 *and* 115.

The article in the Civil Code, which declares the warranty to cease, when the buyer has let himself be cast, in a definitive judgment, without calling on his seller, if said seller prove, that he had sufficient ground or means, to have obtained a judgment in his favour, is not, in our opinion, contrary to the principle for which the defendants contend, but in consonance with it. They both rest on the same foundation, namely, that the vendor should not be made responsible for any thing, which a knowledge of the suit would

have entitled him to avoid. The words of the law are satisfied, by construing it to apply (as we believe the legislature intended) to the value of the thing evicted, and all the fruits and costs anterior to the time when the vendee could have given notice. Its spirit would be essentially violated, by making the seller responsible for the consequences of a litigation, which he could have avoided. By the Spanish law, the buyer, who failed to cite his vendor in warranty, lost all recourse on him. The provision in our code, which modified and softened the rigor of this rule, was, we presume, taken from the French jurisprudence, which, as we understand it, was that of the Roman. With that provision, stood the exception relied on here, and it may well stand with it in our law, more especially, when the limitation is in perfect harmony with the principle on which the doctrine rests. *Febrero, p.* 1, *art.* 7, *no.* 42. *Par.* 5, *tit.* 5, *ley* 32. *Dig. Liv.* 21, *tit.* 2, *law* 53.

In the case of *Fleming & ux. vs. Lockhart*, the question raised here was not made, and the expressions used in the opinion, related to the general liability of the sheriff, as vendor, for the value of the thing evicted from the purchaser. 10 *Martin*, 398.

We do not think the defendants liable for any thing, except the costs of serving the original process on the plaintiff, in the suit in which he was evicted, and as the record does not afford proof of the amount, the cause must be remanded.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed; and that the cause be remanded, to be proceeded in according to law, the appellees paying the costs of this appeal.

*Seghers* for the plaintiff, *Peirce* and *Christy* for the defendants.